**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACQUELINE FOX and VINTAGE VIEW 2, LLC,<br><br>Defendants. | ) | Civil Action No. |

## COMPLAINT

The United States of America brings this action to enforce Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.* (the "Fair Housing Act"). This action is brought under 42 U.S.C. § 3612(o) by the United States on its own behalf and on behalf of Patience Godwin and her minor son, G.Y., against Jacqueline Fox and Vintage View 2, LLC (collectively, "Defendants"), for discriminating against Godwin and her son because of familial status.

The United States alleges as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o)(1).

2. Venue is proper in the Western District of Oklahoma under 28 U.S.C. § 1391 because Defendant conducts business, and a substantial part of the events giving rise to the claims occurred, in this judicial district.

## PARTIES AND SUBJECT PROPERTY

3. Defendant Vintage View 2, LLC ("Vintage View") was and is a limited liability

company registered in Oklahoma at all relevant times. Vintage View purchased the 36-unit apartment complex at 500 and 510 NW 21st Street in Oklahoma City, Oklahoma (the "Subject Property") in 2006, and owned the Subject Property at all relevant times.

4. Defendant Jacqueline Fox ("Fox") was and is the sole owner of Vintage View at all relevant times. Fox also managed the Subject Property at all relevant times.

5. The Subject Property is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

6. At all relevant times, Complainant Patience Godwin ("Godwin") was a single woman with a minor child. Godwin applied to rent an apartment at the Subject Property with her child, who was three years old at the time, but was denied by Fox.

7. Godwin and her son, G.Y., are aggrieved persons under 42 U.S.C. § 3602(i)(1).

## FACTUAL ALLEGATIONS

8. On July 12, 2022 Godwin learned that she needed to vacate her then-current apartment within a few days, as she had ended her lease early and new tenants were moving in. Godwin began searching for apartments and saw an advertisement on Zillow.com for a one-bedroom apartment at the Subject Property.

9. That same day, Godwin called and spoke with Fox about the advertisement. Fox informed Godwin that two apartments were available to rent at the Subject Property.

10. During this conversation, Fox asked Godwin general screening questions, including about Godwin's employment and salary. Based on this information, Fox told Godwin that she was pre-approved for an apartment and could move in on July 16. On this call, Fox and Godwin arranged for Godwin to tour the Subject Property on July 16 with a maintenance worker, as Fox would not be present to offer the tour that day.

11. During this initial conversation, Fox did not ask about Godwin's familial status or who would be living with her.

12. On July 16, the maintenance worker showed Godwin the two available apartments at the Subject Property. At the end of the tour, Godwin decided to move forward with renting a remodeled one-bedroom unit at the Subject Property. Godwin found the apartment ideal: not only was it available to move in immediately, but the Subject Property was only three miles from Godwin's workplace and was across the street from a preschool where Godwin wished to send her son. The maintenance worker gave Godwin a paper application to move forward with renting the unit.

13. While filling out the application in her car, Godwin called Fox with specific questions. During this phone conversation, Godwin mentioned that she would be moving in with her then-three-year-old son, G.Y. Fox responded, in sum and substance, that Godwin could not move into the apartment because no children had resided at the Subject Property in over eight years. Fox claimed the Subject Property was not "kid friendly" and refused to rent to Godwin.

14. Minutes later, disappointed, Godwin intended to text a friend about being denied the Subject Property apartment, saying, "I can't move in because I have [G.Y.]." In fact, Godwin inadvertently texted Fox, who responded, "Hi, so sorry we couldn't accommodate you. . . . Best of luck in your search."

15. All the apartments that were available when Godwin toured the Subject Property on July 16 were rented to tenants without children shortly thereafter.

16. As a result of Fox's discriminatory denial of an apartment, Godwin and her son, G.Y., suffered actual damages, including lost housing opportunity, emotional distress, inconvenience, and out-of-pocket costs.

17. Fox made additional statements to the Department of Housing and Urban Development ("HUD") in their investigation of this matter reflecting and corroborating her

discriminatory preference to rent to individuals without children, including affirming that she did not think the property was suitable for children, that she told prospective tenants this to dissuade them from living there, and that no children have lived at the Subject Property in the nearly 20 years Defendants have owned the complex.

18. Fox's refusal to rent to Godwin because of her familial status and Fox's statements expressing a preference against renting to families with children violated the Fair Housing Act.

**HUD ADMINISTRATIVE PROCESS**

19. On October 26, 2022, Godwin timely filed a complaint with HUD alleging that Defendants discriminated against her on the basis of familial status, in violation of the Fair Housing Act. The complaint was subsequently amended to add additional Fair Housing Act violations and clarify allegations against Fox.

20. Pursuant to 42 U.S.C. § 3610, HUD completed an investigation of the complaint, attempted conciliation without success, and prepared a final investigative report.

21. Based upon the information gathered in the investigation, HUD determined that reasonable cause exists to believe that Defendants violated the Fair Housing Act.

22. Accordingly, on July 2, 2025, HUD issued a Charge of Discrimination, pursuant to 42 U.S.C. § 3610(g)(2)(A), charging Defendants with engaging in discriminatory housing practices.

23. On July 17, 2025, Defendant Fox timely elected to have the claims asserted in the HUD Charge resolved in a civil action under 42 U.S.C. § 3612(a).

24. HUD subsequently authorized the Attorney General to commence a civil action under 42 U.S.C. § 3612(o).

## CAUSE OF ACTION: VIOLATION OF THE FAIR HOUSING ACT

25. The United States re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

26. Through the conduct described above, Defendants have:

a. Discriminated in the rental of, or otherwise made unavailable or denied, a dwelling to Godwin and her child because of their familial status, in violation of 42 U.S.C. § 3604(a); and

b. Made, printed, or published, or caused to be made, printed, or published a notice, statement, or advertisement, with respect to the rental of a dwelling that indicates a preference, limitation, or discrimination based on familial status, or an intention to make any such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c).

27. Defendants' conduct, as described above, constitutes one or more "discriminatory housing practice[s]" within the meaning of 42 U.S.C. § 3602(f).

28. Defendants' discriminatory conduct was intentional, willful, and/or taken in disregard of or in reckless or callous indifference to the rights of others.

## PRAYER FOR RELIEF

The United States requests that this Court:

(1) Declare that Defendants' conduct, as alleged in this complaint, violated the Fair Housing Act;

(2) Enjoin Defendants, their agents, employees, successors, and all other persons in active concert or participation with any of them from:

(a) Refusing to sell or rent after the making of a bona fide offer, or refusing to negotiate for the sale or rental of, or otherwise making unavailable or denying, a dwelling to any

person on the basis of any protected characteristic, in violation of 42 U.S.C. § 3604(a); and

(b) Making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination on the basis of any protected characteristic, in violation of 42 U.S.C. § 3604(c);

(3) Enjoin Defendants from failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory or otherwise unlawful conduct in the future and eliminate, to the extent practicable, the effects of Defendants' discriminatory or otherwise unlawful conduct;

(4) Require such action by Defendants as may be necessary to restore, as nearly as practicable, Godwin and her child to the position they would have been in but for the discriminatory conduct;

(5) Award monetary damages to Godwin and G.Y. pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1); and

(6) Award such additional relief as the interests of justice may require.

Dated: August 18, 2025

Respectfully Submitted:

PAMELA BONDI
Attorney General

HARMEET K. DHILLON
Assistant Attorney General
Civil Rights Division

MICHAEL E. GATES
Deputy Assistant Attorney General

CARRIE PAGNUCCO
Chief

*/s/ Ameya S. Ananth*
TIMOTHY J. MORAN
Deputy Chief
AMEYA S. ANANTH
Trial Attorney
Housing & Civil Enforcement Section
950 Pennsylvania Ave. NW – 4CON
Washington, DC 20530
Phone: (202) 514-4713
Fax: (202) 514-1116
Ameya.Ananth@usdoj.gov

*Attorneys for Plaintiff*
*United States of America*